IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00158-MR-WCM

| | |
|---|---|
| CHRISTOPHER LYNN WILSON; TYANNA ARLENE WILSON; CHRISTOPHER GEORGE WOODBY and JENNIFER GREGORY WOODBY, <br><br> Plaintiffs, <br> v. <br><br> ASSOCIATED PETROLEUM CARRIERS, INC.; CHRISTOPHER LEWIS SCOTT; PETROLEUM CARRIERS, INC.; and CD ENERGY, LLC, <br><br> Defendants. | ORDER |

This matter is before the Court on Defendants' Partial Motion to Dismiss ("First Motion to Dismiss," Doc. 15) and Defendants' Motion for Judgment on the Pleadings and, Alternatively, Motion to Strike ("First Motion for Judgment on the Pleadings," Doc. 18).

On June 17, 2021, Plaintiffs Christopher Lynn Wilson, Tyanna Arlene Wilson, and Christopher George Woodby filed their original complaint. Doc. 1.

On August 20, 2021, Defendants filed their First Motion to Dismiss along with a supporting memorandum. Docs. 15, 16. On the same date, Defendants also filed an Answer as well as their First Motion for Judgment on the Pleadings along with a supporting memorandum. Docs. 17, 18, 19.

On August 23, 2021, the original Plaintiffs filed a motion requesting an extension of time to respond to Defendants' First Motion to Dismiss and First Motion for Judgment on the Pleadings. Docs. 21, 22. That request was allowed and Plaintiffs' deadline for responding to those two motions was extended to and including September 10, 2021.

On September 10, 2021, the original Plaintiffs, now along with Jennifer Gregory Woodby, filed an Amended Complaint. Doc. 23. Plaintiffs also filed responses to Defendants' First Motion to Dismiss and First Motion for Judgment on the Pleadings. Docs. 24, 25.[1]

"The general rule … is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect'").

"A party may amend its pleading once as a matter of course within … 21 days after service of a motion under Rule 12(b)…." Fed. R. Civ. Pro. 15(a)(1)(B).

Here, Plaintiffs filed their Amended Complaint 21 days after the filing of Defendants' First Motion to Dismiss and First Motion for Judgment on the

---

[1] Defendants subsequently filed a new Partial Motion to Dismiss and a new Motion for Judgment on the Pleadings. Docs. 26, 29. Those motions are currently pending.

Pleadings. Though Plaintiffs filed substantive responses to those motions, Plaintiffs' responses also argue the motions should be denied as moot in light of the filing of the Amended Complaint. Doc. 24 at 1, Doc. 25 at 1.

As Plaintiffs amended their pleading as a matter of course through the filing of the Amended Complaint, Defendants' First Motion to Dismiss and First Motion for Judgment on the Pleadings are moot. See Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Ledford v. Eastern Band of Cherokee Indians, No. 1:20-CV-005-MR-DCK, 2020 WL 1042235 at 1 (W.D.N.C. March 3, 2020) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot").

**IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss (Doc. 15) and Defendants' Motion for Judgment on the Pleadings and, Alternatively, Motion to Strike (Doc. 18) are **DENIED AS MOOT**.

Signed: November 9, 2021

W. Carleton Metcalf
United States Magistrate Judge