IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21 CV 158-MR-WCM

| | |
|---|---|
| CHRISTOPHER GEORGE WOODBY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ASSOCIATED PETROLEUM ) <br> CARRIERS, INC.; ) <br> CHRISTOPHER LEWIS SCOTT; ) <br> PETROLEUM CARRIERS, INC.; and ) <br> CD ENERGY, LLC, ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

Before the Court are the following motions: Defendants' Motion to Extend Dispositive Motion Deadline with Consent (the "Motion to Extend," Doc. 66) and Defendants' Motion to Compel Depositions; Alternative Motion to Exclude (the "Motion to Compel," Doc. 67).[1]

The Pretrial Order and Case Management Plan was entered on September 7, 2022 and set expert designation deadlines of December 16, 2022 (Plaintiffs) and January 16, 2023 (Defendants), a deadline of May 12, 2023 for the parties to complete court-enforceable discovery, and a deadline of June 13,

---

[1] The Motion to Compel does not indicate Plaintiff's position, and the time for Plaintiff to respond has not run. However, in light of the upcoming pretrial deadlines, and to ensure this matter moves forward without delay, the undersigned concludes that the Motion to Extend and the Motion to Compel should be addressed at this time.

1

2023 for the filing of dispositive motions. The Pretrial Order also set the trial for the November 13, 2023 trial term. Doc. 45.

On December 15, 2022, the expert disclosure deadlines were extended to February 14, 2023 (Plaintiffs) and March 17, 2023 (Defendants). Doc. 48.

On January 30, 2023, the deadline to complete court-enforceable discovery was extended through and including June 16, 2023, and the motions deadline was extended through and including July 14, 2023. Doc. 56. Additionally, the expert disclosure deadlines were extended again, this time to March 28, 2023 (Plaintiffs) and April 25, 2023 (Defendants).

On June 14, 2023, Defendants filed the Motion to Extend, which seeks an additional three-week extension of the motions deadline, to and including August 3, 2023, based on Defendants' need to take the depositions of two of Plaintiff's experts. Doc. 66.

On June 16, 2023, Defendants filed the Motion to Compel which requests that, if the Motion to Extend is granted, the Court direct Plaintiff to produce his two remaining experts for deposition by July 6, 2023. Alternatively, if the Motion to Extend is denied, Defendants request that Plaintiff's remaining experts be excluded from testifying.

Defendants' filings state that, on March 28, 2023 (the extended disclosure deadline), Plaintiff designated four experts: Maria Vargas ("Vargas"), a life care planner and vocational expert; O. Del Curling, Jr. ("Curling"), a board-certified neurosurgeon; Steven H. Farlow ("Farlow"), an accident reconstruction specialist; and David L. Dorrity ("Dorrity"), a trucking safety expert. Doc. 68 at 4. Reports for Dorrity, Farlow, and Curling were provided at the same time; a report for Vargas, however, was not provided until May 4, 2023.

The depositions of Curling and Vargas were taken in early June 2023.

Defendants contend that despite diligent efforts they have been unable to schedule the depositions of Dorrity and Farlow. Defendants further state that while the deposition of Farlow may occur sometime in July, no proposed date has been provided for Dorrity's deposition. Defendants contend that "if and when these expert depositions finally occur," the preparation of deposition transcripts and the drafting of Defendants' dispositive motion will take additional time, and that they will be prejudiced if they are unable to incorporate the expert testimony into their dispositive motion.

The undersigned expects attorneys to work together cooperatively on discovery matters, including the scheduling of depositions. Should an opposing counsel fail to cooperate reasonably however, the Rules of Civil Procedure

provide formal mechanisms by which necessary discovery may be obtained, including through the noticing of depositions and the service of subpoenas.

In this case, Defendants do not ask the Court to enforce a formal discovery request, such as a subpoena, but instead request that the Court order opposing counsel to provide dates for the remaining expert depositions.

Likewise, neither the Motion to Extend nor the Motion to Compel explain fully why the depositions of Farlow and Dorrity were not taken, or attempted, in the numerous intervening weeks between the March 28 expert disclosure deadline and the June 16 discovery deadline.

Further, an additional extension of the motions deadline would reduce the time available to the District Court to consider any dispositive motions in advance of trial.

Finally, the undersigned is not persuaded from the current record that Defendants do not have a sufficient opportunity, prior to the July 14, 2023 motions deadline, to take the depositions of Plaintiff's remaining experts and submit a dispositive motion.

Consequently, the Motion to Extend and the Motion to Compel will be denied. However, the Court will allow counsel a brief final opportunity to schedule the remaining depositions cooperatively or, in the alternative, for Defendant to set the depositions by formal means pursuant to the Rules.

**IT IS THEREFORE ORDERED THAT**:

1. Defendants' Motion to Extend Dispositive Motion Deadline with Consent (Doc. 66) and Defendants' Motion to Compel Depositions; Alternative Motion to Exclude (Doc. 67) are **DENIED**.

2. Defendant is **GRANTED LEAVE** to serve formal process, if necessary, to schedule the depositions of David L. Dorrity and Steven H. Farlow, provided that any such process must be served no later than **June 28, 2023**.

Signed: June 23, 2023

W. Carleton Metcalf
United States Magistrate Judge